Argued June 15; reversed July 12; rehearing denied October 18, 1938

## SCUTT *v.* TROEH ET AL.
(81 P. (2d) 110)

*E. B. McCutchan,* of Portland (Gus Newbury, of Medford, on the brief), for appellants.

*W. W. Balderree,* of Grants Pass, for respondent.

BELT, J. This is a suit to re-form a written instrument, dated November 20, 1934, the execution thereof

acknowledged on December 13, 1934, wherein A. L. Bailey agreed to sell and C. L. Lull agreed to buy a certain placer mine containing 69 acres on Pleasant creek, in Jackson county, Oregon, for $1,800 and to compel specific performance of an oral contract alleged to have been made by the plaintiff and the defendant Troeh. $550 was paid upon execution of the contract —receipt of $50 having been acknowledged—$1,200, the balance, to be paid as follows: $300 on or before May 21, 1935; $300 on or before November 30, 1935; and $600 on or before November 30, 1936. Bailey had acquired his interest in the property by virtue of a contract to purchase, dated November 20, 1934, and acknowledged on November 27, 1934, wherein Ronald W. Smith had agreed to sell him the mine for $1,350.

Plaintiff, who had obtained from Bailey a 30-day option, dated November 3, 1934, to purchase the mining property, asserts that he entered into an oral agreement with the defendant Troeh on the —— day of December, 1934, whereby he was to sell and Troeh was to buy an undivided 34/100 interest in and to the contract which he claims he had with Bailey concerning the property in question, and that, in consideration of such conveyance of interest, (1) Troeh was to pay the amount of $1,750 due on the contract of purchase; (2) Troeh was to "furnish such money as may be agreed upon by the parties thereto" for the purpose of developing, equipping and operating said property as a gold mine; and (3) Troeh was to pay the plaintiff Scutt $100 a month beginning November 1, 1934, for services rendered and to be rendered in developing and operating the gold mine. Plaintiff asserts that it was further orally agreed that "out of the net returns arising from the operation of said property, Troeh was to be repaid all sums paid and advanced by him for

the equipping and operation of said property, except the salary of $100 per month'', and that the net proceeds derived from operation of the mine should be divided according to their interests in the property, viz, 66 per cent to the plaintiff Scutt and 34 per cent to the defendant Troeh. It is alleged that the above agreement was reduced to writing, but that defendant Troeh failed and refused to sign the same. Plaintiff claims that, pursuant to such oral agreement, he went into possession of the property and proceeded to work and develop it as a gold mine and therefore asks that the agreement be specifically enforced.

Plaintiff also asks that the agreement of purchase between Bailey and Lull be reformed by making him (Scutt) the vendee therein instead of Lull who, it appears, was acting for and on behalf of Troeh. It is plaintiff's contention that the defendants perpetrated a fraud upon him by entering into such contract.

Troeh asserts an entirely different contract. He relies upon a writing dated November 17, 1934, signed by the plaintiff Scutt, Faust Palmer, and himself, which reads as follows:

''It is hereby mutually agreed by and between J. A. Troeh, Hank Scutt and Faust Palmer that in the event an option on the Smith Property of Sixty five (65) acres, more or less, on Pleasant Creek in Jackson Co., Oregon, now being tested by the above named and undersigned, being exercised, the said J. A. Troeh in consideration of money paid and to be paid is to have 34/100 interest in the net profit therefrom the said Scutt and Palmer to have 33/100 each in consideration of services rendered and to be rendered.''

Troeh admits that he was to furnish the money for the development, equipment, and operation of the mine and that he was to pay Palmer and Scutt $100 a month

each for their services after the mine was producing, and that each of them was to have a third interest in the net profits derived from the operation of the mine. Troeh contends that plaintiff had no interest in the title to the property and that he never dealt with him in reference thereto.

The trial court entered a decree in favor of plaintiff, re-forming the instrument executed by Bailey and Lull by making the plaintiff a party thereto and specifically enforcing the oral contract which plaintiff alleges he had with Troeh. The court also gave judgment in favor of plaintiff against Troeh for the sum of $805.71, together with interest thereon at 6 per cent from August 1, 1935, as compensation for services rendered, and for the further sum of $650 on account of damages sustained by being deprived of the opportunity to work although he was "ready, able, and willing to work" on the mine. Defendants appeal.

■ In our opinion, the contract which plaintiff asks to have enforced is inequitable. Troeh paid $1,200 on the purchase price and the sum of $1,724.90 for labor and equipment. The plaintiff paid no part of the purchase price nor for the development and equipment of the mine, yet, according to his contention, he was to have a two-thirds interest therein.

■ Plaintiff had no interest in the property to convey to Troeh. The arm of equity is long but it cannot reach out and make one a party to a contract by substituting him for one who was actually a party thereto. Plaintiff's option obtained from Bailey had expired. There was no mutual mistake existing between Bailey and Lull, nor did either perpetrate a fraud upon the other in the transaction. The agreement expressed the true intention of the parties thereto. If plaintiff had an enforceable agreement with Bailey to convey the prop-

erty to him, and Bailey breached the same by conveying the property to Lull, plaintiff would be entitled to relief in a proper proceeding but certainly he cannot reform an agreement between Bailey and Lull. It follows that, if plaintif is not entitled to the reformation sought, there is no basis for compelling Troeh to buy an interest from the plaintiff. Indeed, plaintiff has nothing to sell.

There is a conflict in the evidence as to the compensation plaintiff was to receive for his work at the mine. Plaintiff asserts that, under the contract he had with Troeh, he was to be paid $100 a month for services rendered. Troeh concedes that Scutt was to receive $100 a month, but only after the mine was producing gold. The decree entered herein is without prejudice to any action plaintiff may bring relative to this phase of the case. The court expresses no opinion concerning the weight of the evidence on such issue. Since there is no ground for equitable jurisdiction in this proceeding, the matter cannot be determined here. Plaintiff has an adequate and complete remedy at law.

In the event the defendant Troeh, within 30 days from date of mandate herein, pays the balance due on the purchase price, viz, $600, together with interest thereon as provided in the contract of purchase, he is entitled to delivery of the deed held by the bank in escrow.

The decree of the lower court is reversed and the suit of the plaintiff is dismissed.

RAND and KELLY, JJ., not sitting.